UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY L. MCDONOUGH,

        Plaintiff,

vs.                                      Case No. 8:06-cv-496-T-SCB-TBM

RECREATION CENTERS, INC., d/b/a
RECREATION STATION, a Florida corporation;
and DAVE DAVIS, individually,

        Defendants.
_____/

## **O R D E R**

This cause comes before the Court for consideration of Defendant Dave Davis' Motion to Dismiss Complaint (Doc. No. 7). Plaintiff filed a Response in Opposition thereto (Doc. No. 10). Defendant Davis argues that Plaintiff has failed to show that his alleged conduct was sufficiently outrageous to state a claim as a matter of law for intentional infliction of emotional distress and that Count IV, therefore, should be dismissed as to Defendant Davis.

To state a claim for intentional infliction of emotional distress under Florida law, a plaintiff must establish the following: (1) defendant acted recklessly or intentionally; (2) defendant's conduct was extreme and outrageous; (3) defendant's conduct caused plaintiff emotional distress; and (4) plaintiff's emotional distress was severe. Metropolitan Life Ins. v. McCarson, 467 So. 2d 277, 278 (Fla. 1985). The issue of whether a plaintiff has fulfilled those requirements is a legal question for the Court to decide as a matter of law. Baker v. Florida Nat'l Bank, 559 So. 2d 284, 287 (Fla. 4th DCA 1990); Elger v. Martin Mem'l Health Sys., 6 F. Supp. 2d 1351, 1354 (S.D. Fla. 1998).

The Florida Supreme Court has adopted the language of a comment to the Restatement (Second) of Torts defining what constitutes "outrageousness." The Restatement provides, in pertinent part:

> Extreme and outrageous conduct.... Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

McCarson, 467 So. 2d at 278-79 (quoting Restatement at § 46).

While "there is no definitive example of what constitutes 'outrageous conduct,' . . . Florida case law on the subject has evinced a comparatively high standard." Golden v. Complete Holdings, Inc., 818 F. Supp. 1495, 1499 (M.D. Fla. 1993). Florida courts and the Eleventh Circuit have generally rejected claims for intentional infliction of emotional distress relating to sexual or racial harassment and verbal abuse in the workplace. Watson v. Bally Mfg. Corp., 844 F. Supp. 1533, 1536-37 (S.D. Fla. 1993); see Vance v. Southern Bell Tel. & Tel. Co., 983 F.2d 1573, 1575 n.7 (11th Cir. 1993); Ball v. Helig-Meyers Furniture Co., 35 F. Supp. 2d 1371, 1376 (M.D. Fla. 1999)(granting a motion to dismiss despite the plaintiff-employee's allegations that her store manager rubbed his penis across her buttocks, squeezed her buttocks while making a suggestive comment, made suggestive comments to her while she was breast-feeding her child, and tried to touch or rub up against her breasts); Blount v. Sterling Healthcare Group, 934 F. Supp. 1365, 1370-71 (S.D. Fla. 1996)(granting a motion to dismiss despite the plaintiff-employee's allegations that the company president kept hugging her and refusing to release her, repeatedly rubbed her breasts with the back of his arm, and made sexually explicit and suggestive comments to her); Howry v. Nisus, Inc., 910 F. Supp. 576, 580 (M.D. Fla. 1995)(granting a motion to dismiss despite the

plaintiff-employee's allegations that the alleged harasser forced her to listen to explicit phone conversations, commented to her on the size of his penis, made her view a suggestive doll, used a bull-whip and obscene language in the office, and touched himself and other employees in a suggestive manner). Furthermore, "such courts generally recognize the cause of action to lie only where the plaintiff alleges repeated and relentless physical and verbal abuse." See Benn v. Florida East Coast Railway Co., No. 97-4403-CIV, 1999 WL 816811, at *9 (S.D. Fla. July 21, 1999)(citations omitted). A review of the case law causes the Court to conclude that the conduct alleged in the instant case does not rise to the level of outrageousness required to succeed on an intentional infliction of emotional distress claim.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Davis' Motion to Dismiss Complaint (Doc. No. 7) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of June, 2006.

SUSAN C. BUCKLEW
United States District Judge